IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER LEE HARVEY,**

           **Plaintiff,**

     **v.**                      **CASE NO. 13-3188-SAC**

**MISSOURI DEPARTMENT
OF CORRECTIONS et al.,**

           **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the United States Penitentiary, Tucson, Arizona. Plaintiff has also filed a Motion to Proceed without Prepayment of Fees (Doc. 2). Having considered all materials filed, the court assesses an initial partial filing fee and gives plaintiff time to submit this fee. In addition, the court finds that the complaint is deficient in several ways and requires plaintiff to cure these deficiencies. If plaintiff fails to pay the part fee and cure all deficiencies within the prescribed time, this action may be dismissed without further notice.

## FILING FEE

The fee for filing a civil complaint is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00,

1

or for one granted leave to proceed in forma pauperis it is $350.00.[1]
The court has considered plaintiff's Application for Leave to Proceed without Prepayment of Fees, the certificate included therein, and the attached copy of Mr. Harvey's inmate account transactions over the past several months. 28 U.S.C. § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds that the averages provided in the Case Manager's certificate are clearly incorrect. Thus, the average monthly deposits and average monthly balances have been calculated based upon the actual transactions set forth in plaintiff's exhibit entitled "All Transactions." From these calculations, the court finds that the average monthly deposit during the relevant time period has been $154.20, and the average monthly balance has been $ 44.57. The court therefore assesses an initial partial filing fee of $ 30.50, twenty percent of the average monthly deposit rounded to the lower half dollar. If Mr. Harvey does not

---

1   Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), a prisoner granted leave to proceed without prepayment of fees is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted such leave merely entitles an inmate to proceed without prepayment of the full fee and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

satisfy the filing fee within the time prescribed by the court, this action may be dismissed without prejudice and without further notice.

**FACTUAL BACKGROUND**

On March 9, 2005, Mr. Harvey filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241 in this court that was denied.[2] In its opinion affirming that denial, the Tenth Circuit Court of Appeals succinctly set forth background information pertinent to this case:

> In 1983 Mr. Harvey was tried in the United States District Court for the Eastern District of Missouri, and convicted of kidnapping, transportation of a stolen vehicle across state lines, interstate transportation of a female for immoral purposes, and unlawful use of a firearm. *See United States v. Harvey*, 756 F.2d 636 (8th Cir. 1985). He was sentenced to 120 years' imprisonment. While serving his federal sentence, he was sentenced to death in Missouri state court for committing a murder. Under the authority of 18 U.S.C. § 4082 (1973)(authorizing U.S. Attorney General to designate the place of confinement where a sentence imposed by a federal court shall be served), the U.S. Bureau of Prisons (BOP) transferred him to the Missouri Department of Corrections (MODOC) for concurrent service of his state and federal sentences.
>
> In 1985 Mr. Harvey filed in the United States District Court for the Western District of Missouri an application for habeas relief under 28 U.S.C. § 2241, challenging his transfer to the MODOC. *See Harvey v. United States*, 615 F.Supp. 1046 (W.D.Mo. 1985). The court denied relief, stating that "it is obvious that the [MODOC] has been appropriately designated pursuant to the authority conferred by Section 4082 as the place of confinement where petitioner's federal sentence shall be served." *Id.* at

---

2   Mr. Harvey's repeated statements in his complaint that he has filed no prior actions based upon these facts appear to be false. He is warned that various sanctions may be imposed for the making of false statements in a complaint. *See* Fed.R.Civ.P. Rule 11(b), (c).

1048.

While the § 2241 application was pending, the Missouri Supreme Court reversed Mr. Harvey's death sentence and remanded the case for retrial. On August 2, 1985, the BOP issued a federal detainer for Mr. Harvey's return to federal custody upon completion of his Missouri sentence. Ultimately, however, Mr. Harvey was again convicted and sentenced to life in prison. It also appears that in 1989 he was convicted in Illinois state court on charges of murder and rape.

During his incarceration in state prison, Mr. Harvey was advised of the reason for his placement in the custody of the MODOC. By letter dated December 13, 1999, the BOP informed him:

> This is in response to your recent correspondence to this office. Your federal sentence commenced on June 10, 1983. On March 8, 1985, the federal government relinquished primary jurisdiction to the state of Missouri. The Bureau of Prisons (Bureau) designated the Missouri Department of Corrections (MODOC), as the designated institution for service of your federal sentence, thereby making it operate concurrently with your Missouri sentence.
>
> The federal government has a vested interest in your continued incarceration until you have met your obligation in regards to your federal sentence. If you parole from your Missouri state sentence prior to being granted release from your federal sentence, the U.S. Marshals Service will assume custody of you, and a federal institution will be designated for service of the remainder of your federal sentence.

R. Doc. 6, Attach. A, Ex. 4. When Mr. Harvey was paroled by Missouri on March 24, 2004, he was returned to the custody of the BOP to serve the remainder of his federal sentence. He has been incarcerated at the federal penitentiary in Leavenworth, Kansas.

*Harvey v. Gallegos*, 290 Fed.Appx. 142, 143-44 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 2016 (2009). Mr. Harvey's § 2241 petition filed

in 2005 was denied based upon the finding that "the record clearly establishe[d] [Mr. Harvey's] continuous service of his federal sentence throughout his extensive criminal litigation in Missouri and Illinois," and that the Western District of Missouri had "previously determined that [his] transfer to the State of Missouri for continued service of [his] federal sentence was lawful and in full compliance with 18 U.S.C. § 4082." *Id.* at 144. The following is from the federal district court's opinion that was upheld by the Tenth Circuit:

> In May 1985 petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Missouri, alleging that MO-DOC lacked jurisdiction and authority to confine him because his transfer from federal to state custody did not comply with 18 U.S.C. § 4082. See Harvey v. United States, 615 F.Supp. 1046, 1048 (W.D.Mo.1985). . . . In the traverse filed thereafter in his pending federal habeas action, petitioner prayed for his return to BOP custody and sought a protective order to prohibit his placement in the St. Louis County jail for retrial. Id. at 1046-47. The federal court denied habeas relief, stating "it is obvious that the St. Louis County Jail has been appropriately designated pursuant to the authority conferred by Section 4082 as the place of confinement where petitioner's federal sentence shall be served." Id. at 1048. Petitioner filed no appeal from that decision.
>
> Thereafter, petitioner was eventually convicted in Missouri for the murder of Gary Decker, and was convicted in Illinois for the murder and rape of Donna Decker. Following petitioner's return from Illinois to Missouri, Missouri paroled petitioner in 2004 and returned petitioner to BOP custody. Petitioner then filed the instant action, claiming his present federal confinement is unlawful because BOP relinquished all custody and jurisdiction over him when they transferred him to Missouri in 1984, and because federal authorities failed to take any action to assert jurisdiction and custody over

5

him throughout his extradition between Missouri and Illinois. The court finds no merit to these claims.

First, the record clearly establishes petitioner's continuous service of his federal sentence throughout his extensive criminal litigation in Missouri and Illinois. Second and significantly, a federal court previously determined that petitioner's transfer to the State of Missouri for continued service of petitioner's federal sentence was lawful and in full compliance with 18 U.S.C. § 4082. Petitioner's attempt to now relitigate that claim is rejected, as are petitioner's related claims that BOP somehow waived or relinquished all jurisdiction and custody over him during his prosecutions in Missouri and Illinois on pending charges in those states.

Finding petitioner has demonstrated no valid ground for obtaining relief under 28 U.S.C. § 2241, the court concludes the petition should be dismissed.

*Harvey v. Gallegos*, 2008 WL 58776, *1-*2 (D.Kan. 2008).

## **ALLEGATIONS AND CLAIMS**

Plaintiff names 4 defendants in the caption of this complaint: Missouri Department of Corrections (MDOC), United States Marshal Service (USMS), Federal Bureau of Prisons (BOP) and United States Department of Justice (DOJ). Elsewhere, rather than the agencies in the caption, he designates the "Directors of the MDOC, the USMS and the BOP as defendants as well as Attorney General of the United States Eric Holder. He asserts jurisdiction under 28 U.S.C. § 1343(a), 42 U.S.C. § 1983, 28 U.S.C. § 1331 and *Bivens*.[3]

Plaintiff asserts that his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments have been violated. As

---

3   *Bivens v. Six Unknown Named Federal Agents*, 403 U.S. 388 (1971).

facts in support, he alleges that he was "illegally released from one jurisdiction to another and because of such is now being illegally detained," that "the defendant (BOP) gave up sole custody" and that the BOP is "trying to enforce a federal sentence" that is "null and void." He also alleges that he has "been kept in prison longer than what he was suppose (sic) to have been."

Plaintiff seeks immediate release from custody. In addition, he seeks a declaration that the "act and omissions described herein violated" his constitutional rights. He also seeks compensatory damages in an unclear amount "per day against each defendant." Finally he seeks punitive damages in the amount of 50 million dollars and costs.

**SCREENING**

Because Mr. Harvey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

7

*Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**DISCUSSION**

Having examined the complaint, in light of Mr. Harvey's prior litigation and under the foregoing standards for civil complaints, the court finds that plaintiff's complaint is deficient in several respects.

First, there are problems with the defendants and venue. The United States agencies named in the caption are absolutely immune to suit for money damages. The heads of the agencies designated elsewhere are not shown to reside within this judicial district. Moreover, none of these federal agencies or federal officials "acts under color of state law." In sum, plaintiff has not named as defendant a single person that is amenable to suit in this court. Plaintiff's allegation that the events of which he complains occurred while he was at the United States Penitentiary, Leavenworth, Kansas, does not give this court jurisdiction over officials who are not alleged to have acted within this judicial district.

Second, despite plaintiff's statements to the contrary, it is evident that he has raised the claims in his complaint in at least one prior action and that his claims have already been denied on the merits. Thus, the claims in the instant complaint are barred by the principles of issue preclusion and res judicata.

Third, plaintiff's allegations, including his requests for immediate release, are mainly in the nature of habeas corpus claims. In his 2005 action, he properly raised them in a habeas corpus petition. His request for money damages based upon such claims is barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Under *Heck*, he may not seek damages on habeas claims unless and until he has had the underlying administrative decision overturned. Moreover, habeas corpus claims may not be litigated in a civil rights complaint,

9

and the only proper respondent is the habeas applicant's current custodian, usually the warden of the institution in which he is confined. Mr. Harvey is not confined in this judicial district, and this court is not the proper venue for litigation of his habeas claims.

Fourth, plaintiff's claims for damages are clearly time-barred. The statute of limitations applicable to damages claims is generally two years. Plaintiff complains about events that occurred between 1984 and 2004, which is years beyond the two-year period immediately preceding his filing of this complaint.

Finally, the court mentions that plaintiff does not allege sufficient facts to show that he is being "illegally detained past his incarceration release date." His conclusory statements are not sufficient to state a claim for relief. In sum, plaintiff presents no claim for relief. The court finds that this action should be dismissed under 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

Plaintiff is given time to show cause why this action should not be dismissed for all the reasons discussed herein. If he fails to show good cause within the time allotted, this action will be dismissed without further notice and will count as a strike against Mr. Harvey pursuant to 28 U.S.C. § 1915(g).[4]

---

4   Section 1915(g) of 28 U.S.C. provides:

   In no event shall a prisoner bring a civil action or appeal a judgment

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 30.50. Any objection to this order must be filed on or before the date payment is due. Failure to comply may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to cure the deficiencies in his complaint that have been discussed herein.

**IT IS SO ORDERED.**

**DATED: This 31st day of October, 2013, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**

---

in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

11