IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WALTER LEE HARVEY,

                    Plaintiff,

         v.                          CASE NO.  13-3188-SAC

MISSOURI DEPARTMENT
OF CORRECTIONS et al.,

                    Defendants.

### MEMORANDUM AND ORDER

     This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 (*Bivens*) by a federal inmate confined at the United States Penitentiary, Tucson, Arizona. Upon screening the materials filed, the court assessed an initial partial filing fee and notified Mr. Harvey that his complaint was deficient in several ways.  He was given time to satisfy the fee and cure all deficiencies.   In response, plaintiff paid the initial fee and filed a response (Doc. 4). Mr. Harvey claims that the Bureau of Prisons (BOP) lost authority to detain him and that he is entitled to immediate release and damages as a result.   The extensive factual background that includes Mr. Harvey's federal convictions for kidnaping and other offenses followed by his murder convictions in Missouri and Illinois is set forth in the court's screening

1

order and will not be repeated here.   Having considered plaintiff's response together with the file, the court finds that plaintiff has not cured significant defects in his complaint and dismisses this action for the reasons stated in its prior order as well as those that follow.

In its screening order, the court found that plaintiff's claim that he is entitled to immediate release from federal custody is in the nature of a habeas corpus claim, which may only be litigated in a petition filed pursuant to 28 U.S.C. § 2241 and not a civil rights complaint.   See *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."); *Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002).   Plaintiff's bald protestations in his response that § 2241 "has nothing to do with the issue at hand" and has "no baring (sic) in this action," do not convince the court otherwise.   His assertion that the BOP lost authority to require him to serve his federal sentence, no matter which of the several alleged administrative errors he bases it upon, is undoubtedly a habeas claim.   It is also plaintiff's overarching claim in this action.   The court concludes that plaintiff's habeas claims are not properly litigated in this civil rights

action, and that this action must be dismissed as a result. Plaintiff's insistence that this matter proceed as a civil action despite the court's rulings compels it to dismiss this action as frivolous and for failure to state a claim. Consequently, this dismissal counts as a strike against Mr. Harvey.

The court additionally found in the screening order that this judicial district is not the correct venue for plaintiff's habeas claims because his current custodian is the only proper respondent and is in Arizona.  See 28 U.S.C. § 2243.  In response, plaintiff continues to argue that his claim is not habeas and is actually that there is "no federal sentence remaining."  However, this version of plaintiff's claim is likewise clearly habeas in nature.

In its screening order, the court also found that Mr. Harvey's claims challenging his federal custody had been raised "in at least one prior action," had "already been denied on the merits," and were thus barred by principles of issue preclusion and res judicata.  Plaintiff's bald statement in response that the issues are not the same in this lawsuit is not supported with a detailed comparison or discussion by him of the claims raised in his other lawsuits. [1]

---

[1]      Plaintiff's citations from cases regarding the liberal reading of pro se civil complaints likewise do nothing to convince the court that his claims are not barred by res judicata.  Rather than mere notice pleading, the habeas

The complaint in this action consists of a six-page "civil rights complaint" that is upon forms, and another ten-page "civil rights complaint" that is not upon forms,[2] which is attached.   Plaintiff did not present a single clear issue in these initial filings.   Nowhere in his non-form complaint does he set forth a "claim" and label it as such.   Instead, he provides a lengthy "Statement of Facts" in which he "states" that the BOP relinquished "all jurisdiction over" him to the State of Missouri, that Missouri acquired exclusive jurisdiction, and that the BOP did not seek to regain custody when he was transferred to the Illinois DOC to serve a sentence of 110 years, which "constitute(d) continuous waive of jurisdiction."   He also states that "State and federal imprisonment" must run "consecutively absent a Court Order that they run concurrent," and that federal officials had no authority to place him with the MODOC "for concurrent sentencing."   In addition, he states that he is illegally detained because the BOP "gave up sole custody" and there are no "writs or concurrent sentences imposed" and "no Nunc Pro Tunc Order or Judgment Commitment Order," and that the BOP's right to

claimant is required to state facts to support his claims that are sufficient to establish a federal constitutional violation.   See HC Rules 2 & 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254.

[2]   Local court rule requires that a civil complaint filed by an inmate be submitted upon court-approved forms.   This court could have simply disregarded plaintiff's attached non-form complaint.

enforce his federal sentence is "null and void."  In his form complaint, Mr. Harvey does set forth a single claim, but it is that his constitutional rights are being violated because he "was illegally released from one jurisdiction to another" and as a result "is now being illegally detained" and having to serve "more time than he should." (Doc. 1) at pg. 3.  Now  in  his response, Mr. Harvey says that his claim is that his federal sentence is illegal because his federal and state sentences were not ordered to run concurrent in either the federal judgment and commitment order or a nunc pro tunc order.

While Mr. Harvey has obviously varied his allegations as to why his federal custody is illegal in his administrative grievances and lawsuits as well as his pleadings in this case, the variations have little if any significance.  His central claim throughout the relevant litigation history has been that he is being illegally detained because federal authorities somehow lost jurisdiction over him.  This court quoted portions of the findings in his prior lawsuits plainly showing that his claims challenging the legality of his federal custody were previously rejected.[3]  Even if plaintiff did not precisely

---

[3]      In 1985 Mr. Harvey filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Missouri, claiming that MODOC lacked jurisdiction and authority to confine him because his transfer from federal to state custody did not comply with 18 U.S.C. § 4082. See *Harvey v. United States*, 615 F.Supp. 1046, 1048 (W.D.Mo. 1985).  In his subsequent traverse, petitioner sought his return to BOP custody and a protective order to prohibit his placement in the St. Louis County jail for retrial. *Id.* at

present the current form of his claim in his two prior lawsuits,
he provides no justification for this omission.  The contents of
his federal Judgment and Commitment Order have been available
since 1983.

---

1046-47.  The federal court denied habeas relief, stating "it is obvious that
the St. Louis County Jail has been appropriately designated pursuant to the
authority conferred by Section 4082 as the place of confinement where
petitioner's federal sentence shall be served."  *Id.* at 1048.  Petitioner did
not appeal from that decision.  *Id.*

    In 1999, Mr. Harvey was informed in a letter from the BOP as follows:

    The Bureau of Prisons (Bureau) designated the Missouri Department
    of Corrections (MODOC) as the designated institution for service
    of your federal sentence, thereby making it operate concurrently
    with your Missouri sentence.

    . . . If you parole from your Missouri state sentence prior to
    being granted release from your federal sentence, the U.S.
    Marshals Service will assume custody of you, and a federal
    institution will be designated for service of the remainder of
    your federal sentence. R. Doc. 6, Attach. A, Ex. 4.

See *Harvey v. Gallegos*, 290 Fed.Appx. 142, 143-44 (10th Cir. 2008), *cert.
denied*, 556 U.S. 1196 (2009).

    Mr. Harvey's § 2241 petition filed in 2005 was denied based upon the
finding that "the record clearly establishe[d] [Mr. Harvey's] continuous
service of his federal sentence throughout his extensive criminal litigation
in Missouri and Illinois."  The court found that:

    A federal court previously determined that petitioner's transfer
    to the State of Missouri for continued service of petitioner's
    federal sentence was lawful and in full compliance with 18 U.S.C.
    § 4082.  Petitioner's attempt to now relitigate that claim is
    rejected, as are petitioner's related claims that BOP somehow
    waived or relinquished all jurisdiction and custody over him
    during his prosecutions in Missouri and Illinois on pending
    charges in those states.

*Harvey v. Gallegos*, 2008 WL 58776, *1-*2 (D.Kan. 2008).  Mr. Harvey was then
informed by the court that:

    Under the authority of 18 U.S.C. § 4082 (1973)(authorizing U.S.
    Attorney General to designate the place of confinement where a
    sentence imposed by a federal court shall be served), the U.S.
    Bureau of Prisons (BOP) transferred him to the Missouri
    Department of Corrections (MODOC) for concurrent service of his
    state and federal sentences.

If plaintiff could properly litigate his habeas claims in this civil rights action, the court would have no difficulty finding that they entitle him to no relief. Plaintiff alleges no facts and cites no authority establishing that the 1983 Judgment and Commitment Order (JCO) was itself invalid. Even if the JCO did not specify that Harvey's federal sentence was to run concurrent with his Missouri state sentence and even if no nunc pro tunc order has since issued running his federal sentence concurrent to his Missouri sentence, plaintiff's federal sentence has not been rendered illegal or unenforceable. As Mr. Harvey has been repeatedly advised, he was transferred to MODOC custody for concurrent service of his state and federal sentences by another equally valid means. His sentences were given concurrent effect pursuant to the authority conferred upon the Attorney General at the time in 18 U.S.C. § 4082 to designate the place for service of a federal sentence. Thus, a JCO or nunc pro tunc order providing for concurrent sentences was not a prerequisite. As noted upon screening, the Tenth Circuit expressly found in a prior action that "the BOP did not abandon custody over Mr. Harvey when it transferred him to the MODOC for service of his federal sentence, and he cannot challenge that decision." *Harvey*, 290 Fed.Appx. at 144-45. It further found that the "BOP informed him that it retained custody over him and that the MODOC had been designated as the

place of confinement for concurrent service of his sentences."
*Id.* Plaintiff's own exhibit of the response of Administrator,
National Inmate Appeals dated October 2010 shows that the BOP
explained to him that

the Bureau has the authority to designate a state facility as
the place to serve a federal term of imprisonment . . . (and) .
. . the Bureau designated the Missouri DOC for service of your
federal sentence, thereby making your federal sentence operate
concurrently with your Missouri state sentence.

(Doc. 1-1 at pg. 34).  Plaintiff utterly fails to establish that
the BOP's designation under § 4082 of a facility in Missouri as
a place for concurrent service of his federal sentence was other
than in accord with federal law or that it in any way rendered
his federal sentence unenforceable or violated his
constitutional rights.

In its screening order, the court also found that the named
defendants, which are the Missouri Department of Corrections
(MODOC) and three federal agencies, or the heads of those
agencies, were not "persons" amenable to civil suit under § 1983
and that this judicial district does not appear to be the proper
venue in which to sue either the agencies or their heads who do
not reside in this district.  In his response, plaintiff mainly
expresses his disagreement.  His bald statement that Congress .
. . consented to the bringing of constitutional claims against
the federal government and its agencies under the Federal Torts
Claims Act does not cure these defects.  He has not alleged

facts and explained how they amount to a claim of negligence on the part of a particular federal employee cognizable under the FTCA. As plaintiff was informed the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court cannot simply construe plaintiff's defective civil rights complaint as an FTCA action, which may only be brought against the United States and has the jurisdictional prerequisite that an administrative tort claim must have been timely submitted to and determined by the appropriate agency.[4]

The court also previously found that plaintiff's request for money damages, based as it is upon his habeas-type claims, is barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Plaintiff's citation to the dissent in *Heck* does not convince the court otherwise. He does not allege facts to support his implied assertion that his case is an exception to *Heck*.

Upon screening, the court further found that plaintiff's claims for damages are time-barred by the two-year statute of limitations since he "complains about events that occurred between 1984 and 2004." Plaintiff responds that the limitations period has not run because his "Administrative Remedy Appeal" #

---

[4]    Plaintiff's remark that he "could have" been given notice to "change the pleading" does not suggest why he failed to submit an amended pleading in response to the court's screening order.

720591-A1 was received by staff at the USP-Tucson on July 5, 2013, and implies that the time runs from the date on which he exhausted this claim.  However, his exhibit of this grievance shows that he only asked why the computation data sheet did not show that his federal sentence ran concurrently with a Missouri sentence (Doc. 1-1, at pg. 37).[5]  Moreover, he does not provide the content of most of the other 74 administrative grievances filed by him since 2004, many of which, his exhibited list indicates, concerned sentence computation or concurrency and claims for release.  Another grievance he does exhibit shows that his current claim was previously presented through administrative channels in 2010.  In any event, the limitations period for filing a civil action is not extended for events that occurred a decade ago or more, simply because plaintiff filed another administrative grievance.

Plaintiff was warned that if he failed to show good cause why this action should not be dismissed for all the reasons set forth in the screening order, this action would be dismissed without further notice and count as a strike against him pursuant to 28 U.S.C. § 1915(g).  For the reasons stated herein and in its prior screening Memorandum and Order the court dismisses this action pursuant to 28 U.S.C. § 1915A(a) and (b)

[5]    If this was his first grievance on this matter, it was surely not timely.

10

and 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted. Plaintiff is hereby assessed the remainder of the $350.00 filing fee to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The Finance Office of the Facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that this action is dismissed as frivolous and for failure to state a claim and that it counts as a strike against Mr. Harvey.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance

11

office.

**IT IS SO ORDERED.**

**DATED:   This 16th day of July, 2014, at Topeka, Kansas.**

                              **s/Sam A. Crow**
                              **U. S. Senior District Judge**